HENRY TURNER v. THE ONTONAGON RIVER IMPROVEMENT COMPANY.

*Uses and trusts—Deed to trustees—Partnership.*

A sale to a partnership has become a legally recognized method of sale to all persons interested, whether named or not. If it is a trust, it is, by long recognition, not such a trust as is forbidden by the statute of uses and trusts.

So *held*, where a land-owner executed articles of association designed to create a joint-stock arrangement, intended to be subsequently incorporated as a land company, but in the mean time to be a partnership, in which articles he named three persons as managing trustees, and, with several others, as partners or stockholders entitled to their shares on a certain contribution or payment, and conveyed to said trustees certain lands in trust for the stockholders of said land company, according to said articles of association; and, in an action of ejectment by a grantee of his heirs, against a party claiming through the grantee of said trustees, in which the plaintiff bases his right to recover upon the claim that the original deed to the trustees was void because not complying with the statute of uses and trusts, it is held that for all legal purposes the sale of said land was to a partnership, some of the partners in which were named, and the rest to be determined in the future, by admission; and that no reason is seen which would invalidate such sale that would not invalidate every transfer to a partnership that does not name all of the partners and define their estates.

Error to Ontonagon. (Williams, J.) Argued October 18 and 22, 1889. Decided November 8, 1889.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion

*H. H. Hoyt,* for appellant.

*Norman W. Haire* and *Stone & Gray (Ball & Hanscom,* of counsel), for defendant.

CAMPBELL, J. In March, 1850, Dr. William Pettit conveyed certain lands now in defendant's possession, to Solomon Alter, Clement March, and James G. Clark, in trust for the stockholders of the Ontonagon Land Company, according to the articles of association executed by Pettit. In 1853, Pettit died. On December 13, 1887, the heirs of Pettit quitclaimed to plaintiff the lands in question, then in defendant's possession, and now he brings ejectment. The only ground on which he relies, or can rely, is that the deed of 1850 was absolutely null and void. And this he claims for the alleged reason that it does not comply with the statute of uses and trusts.

It appears from the articles of association referred to; executed by Dr. Pettit, that their design was to create a joint-stock arrangement, intended to be subsequently incorporated, but in the mean time being a partnership, naming March, Alter, and Clark as managing trustees, and naming them and several others as partners or stockholders entitled to their shares on a certain contribution or payment. The articles, like most similar documents, pointed out how the business should be managed, and the rights, powers, and duties of all concerned.

For all legal purposes, this was neither more nor less than a sale to a partnership, some of the partners in

which were named, and the rest to be determined in the future by admission. It is in no way a trust, in any sense, beyond that which would exist in all partnerships when each and all, or where select members, of the firm may act in fiduciary relations with their associates. The firm is the beneficiary or grantee representing the members. A sale to a partnership has become a legally recognized method of sale to all persons interested, whether named or not. If it is a trust, it is, by long recognition, not such a trust as is forbidden by statute. We can see no reason which would invalidate this sale that would not invalidate every transfer to a partnership that does not name all the partners and define their estates. We are not, therefore, disposed to enter upon a discussion of statutory trusts. If this deed conveyed the land, nothing was left in Pettit's heirs, and they could convey nothing. It does not concern them what was done by the grantees. There is no other question which, in this view, is material.

The judgment must be affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CHAMPLIN, J., did not sit.